IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**PATTON LEE**,

    Plaintiff,                                          No. CV 10-6158-MO

    v.                                                     OPINION AND ORDER

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**,

    Defendant.


**MOSMAN, J.**,

Plaintiff Patton Lee challenges the Commissioner's decision denying his claim for Supplemental Security Income ("SSI") disability benefits. This Court has jurisdiction under 42 U.S.C. § 405(g). For the reasons stated below I AFFIRM the Commissioner's decision.

**PROCEDURAL BACKGROUND**

On May 6, 2008, Mr. Lee applied for SSI under Title XVI of the Social Security Act. AR 98–100.[1] This application was denied initially on August 19, 2008, and upon reconsideration, Mr. Lee requested a hearing. AR 14. An administrative law judge ("ALJ") held a hearing on October 20, 2009. AR 23. Following the hearing, Mr. Lee amended his alleged onset of disability from March 29, 2008 to January 1, 2009. AR 10. On February 4, 2010, the ALJ issued his decision denying Mr. Lee's application. AR 7. The Appeals Council denied review on April

---

[1] Citations to "AR" refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer on November 17, 2010.

PAGE 1 – OPINION AND ORDER

26, 2010, making the ALJ's decision the final decision of the Commissioner. AR 1-3. Mr. Lee timely appealed to this Court on June 18, 2010.

## THE ALJ'S FINDINGS

The ALJ made his decision based upon the five-step sequential process established by the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 140–41 (1987); *see also* 20 C.F.R. §§ 404.1520, 416.920 (establishing the five-step evaluative process for SSI claims). At Step One the ALJ found that Mr. Lee has not engaged in substantial gainful activity since the amended alleged onset date. AR 12. At Step Two the ALJ found that Mr. Lee suffered from depressive disorder/schizoaffective disorder; panic disorder with agoraphobia/post-traumatic stress disorder ("PTSD"); and substance abuse. *Id*. Continuing to Step Three, the ALJ found that the combination of impairments does not meet or medically equal a disorder listed in the Commissioner's regulations. *Id*.

The ALJ next evaluated Mr. Lee's residual functioning capacity ("RFC"), finding that he could perform a full range of work at all exertion levels, but with certain nonexertional limitations. Mr. Lee is limited to work involving simple instructions in a routine setting free from frequent or rapid change. AR 14. He cannot perform work that involves frequent coworker interaction, or interaction with the public. *Id*. He also cannot work at heights or with hazards. *Id*. Based on this RFC, the ALJ found at Step Four that Mr. Lee could perform his past relevant work as a landscape laborer. AR 17.

The ALJ continued to Step Five, relying upon testimony from the vocational expert ("VE") to find that Mr. Lee could work as a packer of agricultural produce, machine trimmer, or small

product assembler, and that these jobs existed in significant numbers in the national economy. AR 18. Based on the Step Four and Step Five findings, the ALJ denied benefits. AR 19.

## STANDARD OF REVIEW

I review the Commissioner's decision to ensure the Commissioner applied proper legal standards and that his findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The reviewing court may not substitute its judgment for that of the Commissioner. *Robbins*, 466 F.3d at 882. Finally, "the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted).

## DISCUSSION

Mr. Lee contends that the ALJ erred on three issues. First, Mr. Lee alleges the ALJ erred in failing to give credit to the opinion of Mr. Tracy Taschler, the treating therapist. Second, he alleges the ALJ failed to give full credit to the opinion of Dr. Michael Vallanueva, the examining psychologist. Lastly, Mr. Lee alleges the ALJ erred in failing to fully credit the lay witness testimony of Ms. Hernandez, Mr. Lee's wife. In turn, the government argues that Mr. Lee failed

PAGE 3 – OPINION AND ORDER

to show that he is unable to perform his past relevant work, either as actually or generally performed.

### I. The ALJ provided legally sufficient reasons to discredit the lay witness opinion of treating therapist, Tracy Taschler

The ALJ has a duty to consider lay witness testimony. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); 20 C.F.R. §§ 404.1513(d)(4); 404.1545(a)(3); 416.913(d)(4); 416.945(a)(3). Friends and family members in a position to observe the claimant's symptoms and daily activities are competent to testify regarding the claimant's condition. *Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir. 1993). The value of lay witness testimony lies in their eyewitness observations, which may "often tell whether someone is suffering or merely malingering." *Id*. at 919. The ALJ may not reject such testimony without comment, but he may reject lay testimony inconsistent with the medical evidence. *Lewis*, 236 F.3d at 512. If an ALJ rejects lay witness testimony entirely, he must give reasons germane to the witness. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

Mr. Lee contends that the ALJ erred in failing to give credit to the opinion of Mr. Taschler, the treating therapist. Evidence from an "acceptable medical source" is required to establish a "medically determinable impairment." 20 C.F.R. § 404.1513(a). Acceptable medical sources include licensed physicians, psychologists, optometrists, podiatrists, and so forth. *Id*. Therapists, such as Mr. Taschler, are not acceptable medical sources, but are instead considered "other sources," on par with lay witnesses. *Id*. at § 404.1513(d). While the ALJ "may also use evidence from other sources" in determining the severity of an applicant's impairment, he is not required to adopt the opinion of that source. *Id*.

PAGE 4 – OPINION AND ORDER

Mr. Taschler stated that Mr. Lee had marked limitations in his ability to complete a normal day of work without interruptions due to psychologically based symptoms. AR 422. Mr. Taschler further stated that Mr. Lee had marked limitations in interactions with coworkers and the general public, as well as moderate limitations in his ability to concentrate and carry out simple instructions. AR 421–22. Mr. Lee argues that this opinion should be given full credit and, as such, a finding of disability should be compelled.

I find that the ALJ has provided sufficient and germane reasons for discrediting the opinion of Mr. Taschler. The ALJ noted that Mr. Taschler gave numerous disclaimers concerning his own opinion, stating that it "is not well-supported by clinical findings or a longitudinal treatment history." AR 17, 417–23. Mr. Taschler also commented on the infrequency with which he had seen Mr. Lee, and that his opinion is not supported by formal testing. *Id*. Further, the ALJ found that Mr. Taschler's lay opinion conflicted with the medical opinion of state agency psychologist, Sandra L. Lundblad. Dr. Lundblad declared that while Mr. Lee is not able to work in environments with frequent coworker or public interaction, or perform detailed instructions, he is "able to perform simple routine tasks." AR 206. As Dr. Lundland's medical opinion is consistent with the record evidence, I find that the ALJ properly discredited the conflicting lay witness opinion of Mr. Taschler.

II. **The ALJ appropriately credited the medical opinion of examining psychologist, Dr. Michael Villanueva**

The ALJ is responsible for resolving conflicts in the medical evidence. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). In rejecting an uncontradicted opinion, the ALJ must give clear and convincing reasons for doing so. *Id.* If the opinion is contradicted, however, only specific and legitimate reasons are required. *Id.* An opinion's

PAGE 5 – OPINION AND ORDER

reliance on a claimant's discredited subjective complaint is a specific and legitimate reason for rejecting that opinion. *Tommasetti*, 533 F.3d at 1040.

Mr. Lee contends that the ALJ erred in failing to fully credit the medical opinion of Dr. Michael Villanueva, the examining psychologist. Dr. Villanueva notes that Mr. Lee was often restless and confrontational, and had been fired from jobs due to conflicts with supervisors or coworkers. AR 185, 187. Dr. Villanueva further states that Mr. Lee shows "marked difficulties in interpersonal situations," and has had his parole revoked due to arguments with his parole officer. AR 187–88. The ALJ recognized that Mr. Lee's limitations preclude him from having frequent interaction with coworkers or from working with the general public. AR 14. Mr. Lee argues, however, that the ALJ erred in not incorporating his limitation in responding appropriately to supervision in his residual functional capacity ("RFC") assessment, and that fully crediting Dr. Villanueva's opinion on this matter would compel a finding of disability. Conversely, the government challenges the subjective credibility of Mr. Lee as a reason for rejecting the opinion of Dr. Villanueva. AR 16.

I believe both parties have missed the mark. I find that the ALJ did, in fact, give full and proper credit to the opinion of Dr. Villanueva. Dr. Villanueva notes—and the ALJ agrees—that Mr. Lee has marked difficulties in social functioning and interpersonal situations. AR 13, 188. Dr. Villanueva also notes that Mr. Lee has been "fired from multiple jobs because of arguments with supervisors or getting into fights with co-workers." AR 185. Dr. Villanueva does not recommend, however, that Mr. Lee's history precludes him from ever working under supervision. Merely detailing a claimant's history of problems with supervisors and other coworkers does not prove the existence of a work-related disability.

PAGE 6 – OPINION AND ORDER

I find that the ALJ did credit and incorporate Dr. Villanueva's opinion. Limiting Mr. Lee to simple and routine instructions ensures that any coworker or supervisor interaction will be minimal and infrequent. As such, Mr. Lee's RFC does account for his history as noted by Dr. Villanueva. The government's argument that Dr. Villanueva's opinion lacked objective findings due to Mr. Lee's lack of credibility is therefore superfluous. I find that there is no conflict in the medical evidence, and that the ALJ properly credited the opinion of Dr. Villanueva.[2]

### III. The ALJ appropriately discredited the lay witness testimony of the plaintiff's wife, Ms. Hernandez

As stated above, the ALJ has a duty to consider lay witness testimony. *Lewis*, 236 F.3d at 511. The ALJ may not reject such testimony without comment, but he may reject lay testimony inconsistent with the medical evidence. *Id*. at 512. If an ALJ rejects lay witness testimony entirely, he must give reasons germane to the witness. *Nguyen*, 100 F.3d at 1467.

Mr. Lee argues that the ALJ gave insufficient consideration to the lay witness testimony of Ms. Hernandez, his wife, and put forth no justification doing so. Ms. Hernandez testified that Mr. Lee has trouble helping with housework. He helps with chores only "once in a great while," and Ms. Hernandez must remind him numerous times how she wants him to do things. AR 120. Mr. Lee must be reminded to shower, change his clothes, and sometimes to eat. AR 119–20. People must constantly repeat themselves for Mr. Lee to understand them. AR 123. Ms. Hernandez testified that Mr. Lee has trouble responding to authority, and has been fired from previous jobs

---

[2] The government argues that Dr. Villanueva's opinion was properly rejected due to its reliance on Mr. Lee's non-credible subjective complaints. Dr. Villanueva notes that Mr. Lee was a difficult historian, had a history of using hallucinogens, and had a recall of one out of three. AR 185–89. Though I find that the ALJ did properly credit and incorporate Dr. Villanueva's opinion, in the alternative, I agree that any part of the opinion based on Mr. Lee's non-credible subjective complaints that are not supported by the record should be rejected.

PAGE 7 – OPINION AND ORDER

due to this problem. AR 124. She also testified that Mr. Lee has bad knees and back injuries. AR 123.

A "failure to comment on such competent testimony" has consistently been grounds for reversal of the Commissioner's decision. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050,1056 (9th Cir. 2006). The ALJ did comment on the testimony of Ms. Hernandez, however. The ALJ incorporated part of Ms. Hernandez's testimony into Mr. Lee's RFC assessment, so far as the testimony was corroborated by the medical record. The ALJ noted Ms. Hernandez's claim that Mr. Lee has "difficulties interacting with others," and that he is sometimes able to help with household chores and needs instructions repeated. AR 16. This testimony is consistent with the ALJ's finding in the RFC that Mr. Lee is "limited to work that involves simple instructions in a routine work setting that does not change frequently or rapidly, and that involves no frequent coworker interaction." AR 14. So the ALJ did not reject Ms. Hernandez's lay witness testimony in its entirety. The ALJ did reject, however, those claims that are inconsistent with the overall record, such as Mr. Lee's alleged back and knee injuries. *Id*. This is an acceptable reason for rejecting lay witness testimony, so Mr. Lee's contention fails.

**IV.    Mr. Lee failed to show that he is unable to perform his past relevant work**

It is a claimant's burden to show that he can no longer perform his past relevant work. *Barnhart v. Thomas*, 540 U.S. 20, 25 (2003); *Carmickle*, 533 F.3d at 1166. Past relevant work can either be the particular job performed by the claimant or the occupation as generally performed. Social Security Ruling ("SSR") 82-61.

Mr. Lee had past relevant work as a landscape laborer. AR 17. The vocational expert ("VE") testified that Mr. Lee's RFC allows him to perform this past relevant work. AR 56.

PAGE 8 – OPINION AND ORDER

Further, the ALJ found that Mr. Lee could perform this work as it is actually and generally performed. AR 17–18. Mr. Lee argues that the ALJ's finding, however, is inconsistent with the limitations assessed by Mr. Taschler and that the hypothetical propounded by the ALJ to the VE did not include limitations relating to Mr. Lee's difficulty responding to supervision. Had these limitations been included in the assessment, Mr. Lee argues, it would show he is unable to perform his past relevant work.

As mentioned above, the ALJ provided germane reasons for rejecting the lay witness testimony of Mr. Taschler. As such, it was appropriate for the ALJ to exclude Mr. Taschler's opinion in determining Mr. Lee's ability to perform his past work. Also, Mr. Lee's contention that the hypothetical put forth to the VE insufficiently stated his limitations is unpersuasive. "An ALJ must propound a hypothetical to a VE that is based on medical assumptions supported by substantial evidence in the record that reflects all the claimant's limitations." *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). However, "[a]n ALJ is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence." *Id*. at 1164–65. Here, the ALJ properly considered Mr. Lee's difficult history with supervisors and adequately applied this limitation in his RFC, restricting Mr. Lee to infrequent coworker interaction. Thus, the ALJ propounded an appropriate hypothetical to the VE, including Mr. Lee's limitations based on substantial evidence in the record. The ALJ found that this limitation would not preclude Mr. Lee from performing his past relevant work, and I agree. Mr. Lee has not met his burden to show that he is unable to perform his past relevant work, either as actually or generally performed.

PAGE 9 – OPINION AND ORDER

## CONCLUSION

The Commissioner's decision is supported by substantial evidence.   Therefore, I AFFIRM the Commissioner's decision, and Mr. Lee's appeal is DISMISSED.

IT IS SO ORDERED.

DATED this   7th   day of July, 2011.

                                                                /s/ Michael W. Mosman
                                                                MICHAEL W. MOSMAN
                                                                United States District Court